# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 15-1173V
## (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
MAHESHCHAN INAMDAR,                *
                                   *     Special Master Corcoran
                                   *
            Petitioner,            *     Filed: August 16, 2019
                                   *
      v.                           *
                                   *     Attorney's Fees and Costs.
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
                                   *
            Respondent.            *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Howard S. Gold,* Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner.

*Claudia B. Gangi* , U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 9, 2015, Maheshchan Inamdar ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that the influenza ("flu") vaccine he received on September 12, 2013, caused him to develop bilateral, sudden sensorineural hearing loss ("SNHL"). Petition (ECF No. 1) at 1. A decision denying entitlement was issued on February 8, 2019. (ECF No. 44).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from the public Decision.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated May 5, 2019 (ECF No. 47) ("Fees App."), requesting a total award of $34,393.58 (representing $30,587.00 in fees, plus $3,806.58 in costs). Fees App. at 8-9. Pursuant to General Order No. 9, Petitioner, through his counsel, warrants that he has not personally incurred any costs in pursuit of this litigation. *Id*. at 2. Respondent reacted to the motion on May 17, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. Response, ECF No. 48, at 2-3. Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding final attorney's fees and costs in the amount of **$34,393.58**.

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner requests the following hourly rates for the work of his counsel, Mr. Howard Gold: $350.00 per hour for work performed in 2014, $360.00 per hour for work performed in 2015, $370.00 per hour for work performed in 2016, $380.00 per hour for work performed in 2017, and

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

$390.00 per hour for work performed in 2018.  Petitioner also requests $125.00 per hour for work paralegal performed in 2015-2016. The rates requested herein have previously been found to be reasonable. *See Pinelli v. Sec'y of Health & Human Servs*., No. 17-704V, 2018 WL 6930457, at *1 (Fed. Cl. Spec. Mstr. Dec. 7, 2018); *Pleasant v. Sec'y of Health & Human Servs.*, No. 17-610V, 2019 WL 1796127 (Fed. Cl. Spec. Mstr. Apr. 4, 2019). Accordingly, no adjustment to the requested rates is necessary.

The hours expended on this matter as reflected in the billing entries are also reasonable. The billing entries describe with sufficient detail the task being performed and the time spent on each task. Respondent has not identified any particular entries as objectionable and upon review, I did not find any entries to be objectionable either. Accordingly, Petitioner is entitled to the full amount of attorney's fees sought: **$30,587.00**.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $3,806.58 in overall costs. Fees. App. at 2. This amount is comprised of obtaining medical records, expert costs, and the Court's filing fee. Fees App. at 9. I have reviewed all of the requested costs and find them to be reasonable, and Petitioner has provided adequate documentation supporting them. Accordingly, Petitioner is entitled to the full amount of costs requested.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$34,393.58** as a lump sum in the form of a check jointly payable to Petitioner and his counsel, Mr. Howard S. Gold, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Special Master